GREGORY and BAIN *vs.* BURRALL and HOFFMAN.

A VERDICT was taken in this cause at the Albany circuit in August, 1828, for the plaintiffs, for the sum of $601,79, subject to the opinion of this court on the following facts : In October, 1825, Keeler and Mather, a mercantile firm in Albany, drew a bill of exchange on Keeler and Rogers, a firm in New-York, for $1500, payable in 60 days, procured the endorsement of Gregory and Bain, the present plaintiffs, who endorsed for the accommodation of the drawers and drawees, and transmitted the same to Keeler and Rogers to raise money upon it for the use of the drawers and drawees, who were connected in business. James Keeler, of the firm of Keeler and Rogers, received $1000 upon the bill from Burrall and Hoffman, the present defendants, and deposited the bill with them as security for the advance. Burrall and Hoffman, to whom the fact of the bill being an accommodation bill was not disclosed, transferred it to David Leavitt, and received the *full face* of it. *Afterwards,* Leavitt sued Gregory and Bain, the endorsers of the bill, and recovered and received the amount of it, with the interest thereof. Both the firms of Keeler and Mather and Keeler and Rogers are insolvent, and have assigned all their property to the plaintiffs *and others* in trust, to secure, first, their confidential, and secondly, their business debts. The funds assigned are not sufficient to pay the first class of debts. The plaintiffs declare on the common money counts for money had and received, paid, laid out, &c. and money lent.

*J. T. B. Van Vechten,* for plaintiffs. The plaintiffs stand *qua* sureties for the payment of the bill ; and having paid it, acquired a remedy against the other parties to it for the whole amount. The defendants had no interest in the bill beyond the $1000 advanced by them, and when they received the full amount of it, they became liable to the plaintiffs, the *payees* of the bill, for the surplus beyond the sum advan-

endorsers against B. & H. to recover the surplus, would not lie.

Where an accommodation bill is pledged for less than its face, and the holder transfers it and receives its full value, and the endorser is subsequently compelled to pay it, such endorser cannot maintain an action against such holder for the surplus ; the action must be in the name of the party pledging it ; as where a bill of exchange was drawn by K. & M. for $1500 on K. & R. and the endorsement of G. & B. was obtained for the accommodation of the drawers and drawees, and the drawees pledged the bill for $1000 to B. & H. who subsequently transferred it to D. L. for its full face, and received the money, and D. L. sued the endorsers and recovered the whole amount of the bill, *it was held,* that an action for money had and received, brought by the

ced by the defendants. (*Chitty*, 196. 12 *East*, 659. 7 *T. R.* 711.) The bill passed to the defendants by the endorsement of the plaintiffs ; hence the overplus was received to their use, and upon payment of the bill to Leavitt, they had the right to demand the overplus from the defendants. (1 *Esp. R.* 261. 20 *Johns. R.* 367.) The bill having been made and endorsed merely for the accommodation of Keeler and Rogers, and the plaintiffs having paid the money, they and not Keeler and Rogers were equitably entitled to recover the surplus, Keeler and Rogers being insolvent. Nor were the assignees of Keeler and Rogers entitled to the money ; a right of action did not exist until after the assignment; it accrued on the payment of the whole bill, and not before, and the *cestui que trusts* had no claim upon the surplus, which never belonged to Keeler and Rogers, and had been paid by the plaintiffs themselves.

*J. Anthon*, for defendants. None but Keeler and Rogers had the right to call for the surplus of the bill of exchange deposited with the defendants. It had been endorsed by the plaintiffs for the accommodation of Keeler and Rogers ; it was their property, and the whole privity of contract was between them and the defendants. The plaintiffs in the present suit had no claim upon the money previous to the recovery against them, and such recovery creates no responsibility on the part of the defendants which did not before exist.

The action should have been in the names of Keeler and Rogers, for the benefit of the plaintiffs and the others, as assignees of Keeler and Rogers.

*By the Court*, MARCY, J. The question presented by this case is, whether the plaintiffs can recover the excess received of Leavitt by the defendants over the $1000 advanced by them to James Keeler on the bill of exchange, which was deposited as security for that advance ? That the defendants hold this excess without any right to retain it, cannot be, and indeed is not, contested ; but it is contended that the plaintiffs in this cause have not the right to receive it. If they have a right to recover, it is not on the bill as parties to it ; as payees and first endorsers, they must look for their in-

demnity for what they have been compelled to pay on the bill to the drawers or the acceptors. But it is urged that the peculiar circumstances of this case make the defendants the trustees of the plaintiffs for the amount they have received beyond the sum for which the bill was taken as security. No cases similar to this as to the facts have been presented to the court, nor have I, in my researches, found any. Those which have a bearing upon it do not afford a principle that will justify a recovery by the plaintiffs in this suit. The count for money had and received has justly been a favorite, and courts have gone very far in supporting it. Some learned judges have thought too far; but never, I apprehend, has it been carried to the length asked for in this case. There has been no contract or dealing between the parties to this suit relative to the subject of it; certainly there has been no express contract to pay on the part of the defendants, and there is nothing from which an implied promise can be raised. Are not these positions warranted by the facts in the case? Keeler and Mather, at Albany, draw their bill on Keeler and Rogers, in New-York, payable to the plaintiffs, procure the endorsement of the plaintiffs, and send it to Keeler and Rogers, in New-York, for them to raise money upon; one of the firm in New-York pledged the bill to the defendants as security for a loan of one thousand dollars. In this transaction, the plaintiffs were wholly unknown to the defendants, otherwise than as endorsers of the pledged bill. It was not pretended then, nor is it now, that James Keeler acted in this negotiation as the agent of the plaintiffs, nor did he, in fact, so act. What he did was done for his firm, or the joint firms of Keeler and Mather and Keeler and Rogers. The defendants transferred the bill to Leavitt, and received the full amount of it. The moment they received this money, they held the $500, the excess beyond the sum for which they received the bill as security in trust for some one; but it was certainly not for the plaintiffs, because the bill when pledged was not theirs; nor was the pledge made by them or their agent. They had not then paid any thing on the bill, nor were they liable to pay. The defendants became liable to pay the demand for which they are now sued

NEW-YORK,
May, 1829.

Gregory
v,
Burrall.

before there was any pretence of claim on the part of the plaintiffs. James Keeler, who pledged the bill, or those for whom he acted, had a perfect right to the $500 the instant the full amount of the bill was received of Leavitt by the defendants. Is there any thing in the case to show a change of legal liabilities since the amount of the bill was paid to the defendants ? Such change could only be effected by some express agreement of the parties ; but such agreement is not shewn.

This case is so unlike that of *Wiffen* v. *Roberts*, (1 *Esp. R.* 261,) which has been pressed upon the attention of the court, as to be clearly distinguished from it in principle.  In that case, Roberts drew a bill in favor of Ould on Yates, who accepted, but did not pay. Wiffen, the endorsee, sued Roberts. The defence was, that the plaintiff knew that it was an accommodation bill, and besides, had not paid the full value of it. Lord Kenyon decided that where a bill is given for money really due from the drawee to the drawer, or is drawn in the regular course of business, the endorsee, though he has not given to the endorser the full amount, may recover the whole, and be the holder of the overplus to the use of the endorser. But if the bill is an accommodation one, and known to be such by the endorsee, and he pays but part of the amount, he can only recover the sum actually paid.

If the bill in question had been given by Keeler and Mather to the plaintiffs for money really due, or in the regular course of business, and they, as endorsers, had passed it to the defendants for $1000, the defendants could have collected of the acceptors or drawers the full amount of it, and, in that case, they would have held the $500 as trustees of the plaintiffs, who might have recovered it of them in an action for money had and received. Under these circumstances, there would have been a privity of contract between the parties. The plaintiffs then would occupy the place that James Keeler, or those for whom he acted, now occupy. Then the defendants would have received directly from the plaintiffs the bill, and would have been liable for what they realized on it beyond the sum advanced.  The latter branch

of Lord Kenyon's opinion only goes to establish the princi- NEW-YORK, ple that if the defendants had known the circumstances un- May, 1829. der which this bill was drawn and endorsed, and had brought Bouton an action upon it, they could have recovered only the $1000 v. which they had actually paid for it; but it does not therefore of Brooklyn. follow that the plaintiffs in this suit, under the circumstances of this case, are entitled to maintain an action against the defendants for the overplus received by them.

On the whole, I am of opinion that the defendants are entitled to judgment.